CASE 40—PROSECUTION AGAINST THOMAS BURKHART FOR SHOOTING AT
A RAILROAD PASSENGER COACH IN WHICH WERE PASSENGERS AND
EMPLOYES.—DEC. 15.

# Burkhart v. Commonwealth.

APPEAL FROM LEE CIRCUIT COURT—ROBERT RIDDELL, CIRCUIT JUDGE.

DEFENDANT CONVICTED AND APPEALS.    AFFIRMED.

RAILROAD—SHOOTING INTO TRAIN—FELONY—MISDEMEANOR—GRADE OF
OFFENSE—MALICE—EVIDENCE—SUFFICIENCY.

1. Kentucky Statutes 1903, section 1166, amending Acts 1894,
   p. 47, c. 32, makes it a felony to shoot at a railroad passenger
   coach in which are passengers or employes of the railroad com-
   pany.   Kentucky Statutes 1903, section 794, in effect when the
   amendment was enacted, provides that any person who shall
   recklessly or maliciously shoot at or into any engine or car on
   which there may be passengers or other persons shall be guilty
   of a misdemeanor. HELD, that where one shoots maliciously and
   willfully at a train containing passengers, and consisting of one
   or more cars, irrespective of whether they are such as are known
   as passenger coaches, he is guilty under section 1166.
2. On a prosecution under Kentucky Statutes 1903, section 1166,
   amending Acts 1894, p. 47, c. 32, for shooting at a railroad train,
   evidence HELD to warrant a finding that the shooting was ma-
   licious.

SUTTON & HURST, J. B. WHITE, T. C. JOHNSON, ATTORNEYS FOR
APPELLANT.

   1. The offense is a statutory one and consists of shooting at
a railroad passenger coach in which passengers are, and which
is a felony.
   2. The instructions defined the guilt of defendant to consist
of shooting at a railroad train, which is a misdemeanor.
   3. The authorities are uniform that the language of the stat-
ute creating an offense must be followed in the instructions and
in the indictment.   Ritte v. Com., 18 B. M., 38; Com. v. Stout,
7 B. M., 247; Com. v. Tanner, 5 Bush, 317; Com. v. Turner, 8
Bush, 2; Criminal Code. sec. 137; Davis v. Com., 13 Bush, 318.

4. We insist that the evidence is insufficient to warrant a conviction, no witness swearing that defendant shot "at" the coach, and no motive being given for the act.

N. B. HAYS, ATTORNEY GENERAL, AND L. MIX, ATTORNEYS FOR APPELLEE.

We submit that the court substantially followed the language of the felony statute in the instructions, and no substantial error has been committed. Watson v. Com., 15 R., 360.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant was indicted and tried on the felonious charge of shooting at a railroad passenger coach in which were passengers and employes at the time of the shooting. The only question made that is material is whether the instructions of the court properly submitted to the jury the matter at issue. The court told the jury that if they believed from the evidence beyond a reasonable doubt that the defendant willfully, unlawfully, maliciously, and feloniously, with a gun or pistol, shot at a railroad train in which the employes of said road and passengers were in and on said train, they should find the defendant guilty, and fix his punishment at confinement in the penitentiary for a period not less than one nor more than five years. Section 1166, Kentucky Statutes, 1903, makes it a felony, with the punishment stated in the instruction just alluded to, for one to shoot at "a railroad passenger coach" on which or in which were either passengers or employes of the railroad company. That part of section 1166 pertaining to the shooting at and into any railroad passenger coach or steamboat is an amendment of the statute approved February 26, 1894 (Acts 1894, p. 47, c. 32). There is another statute on this same subject so similar to section 1166 that it might be doubted whether one does not in some part repeal the other, and that is section 794, found in the chapter of Kentucky Statutes of 1903, under the head

Burkhart v. Commonwealth.

of "Private Corporations." It provides that any person who shall recklessly, wantonly, or maliciously throw any stone, stick, club, or other missile at or into, or shoot at or into, any engine of any railroad train in this State, or any car attached thereto, on or in which engine or car there may be any passenger or other person, the offender shall be deemed guilty of a misdemeanor, punishable by fine or imprisonment.

Appellant's criticism of the instruction at bar is that it submitted to the jury only the question whether he had fired at a railroad train, without reference to whether it was or was not a railroad passenger coach, and that it thereby authorized the jury to find him guilty of a felony for an offense which was, at most, a misdemeanor.

Section 794 of the Kentucky Statutes was in effect at the time the amendment of February 26, 1894, to section 1166, was enacted. If the two are in conflict, the latter must be held to repeal the former. Manifestly it was the purpose of the Legislature to punish by section 1166, by a very stringent law, the firing at railroad trains carrying passengers, because of the great danger to human life from that practice, and the fact that those who were liable to be injured by it were generally utterly helpless to defend or protect themselves against such assailants. It could scarcely be possible that it was the coach or character of car in which the persons were that was intended to be protected by the statute. The primary object of protection being the persons, it is not so material in what kind of a car they were situated at the time. Therefore if the railroad train upon which there were passengers consisted of one or more cars, whether or not they were what are known among railroad men as passenger coaches, still they would be in fact passenger coaches, so far as the purposes of this act extended, and the firing at such train is manifestly within the mischief sought to be prevented

by the statute. When such an act is done maliciously and willfully, it is a clear violation of section 1166. Whether a similar act, if done only recklessly or wantonly, is or is not embraced exclusively by section 794 of the statutes, is not necessary to be here decided. The fact is in this case that the train which the jury found that appellant fired at was exclusively a passenger train, made up of passenger coaches, in which passengers and employes of the railroad company were at the time riding. There can be no sort of doubt that, if appellant is guilty at all, he is guilty under section 1166, Kentucky Statutes, 1903—the one under which he was indicted.

The evidence for the prosecution tended to show that the shot was fired at the train willfully; that it was not accidental or unintentional. The train was near by, and the purpose of firing the shot under the circumstances that it was fired, being without excuse or provocation, may well have been found by the jury from these circumstances to have been done maliciously. That it was done maliciously was not only found by the jury, but was required by the court in the instruction to be ascertained as a fact before a verdict of guilty could be returned.

Perceiving no error in the record, the judgment is affirmed.