## Smiddy v. Commonwealth.

January 13, 1950.

R. L. Brown and Joe S. Feather for appellant.

A. E. Funk, Attorney General, and Armand Angelucci for appellee.

STANLEY, COMMISSIONER—Affirming.

The appellant, Robert Smiddy, was convicted of the crime of willfully and maliciously shooting into a dwelling house or "building where people live," and sentenced to imprisonment in the penitentiary for two years. KRS 435.170. He seeks a reversal of the judgment upon the ground that the court should have given an instruction on the misdemeanor of discharging a deadly weapon on a public highway. KRS 435.200. The claim rests on the propositions that there was no testimony to show motive or malice on the part of whoever fired into the house and that the evidence was purely circumstantial.

Shortly after John Smith had gone to bed about 8 o'clock on March 18, 1948, in his home in Jellico someone fired a shotgun through his bedroom window. He immediately looked out the window of his kitchen into the street where he saw the appellant, Smiddy, and Charles Bennett, fifty feet or less away at a spot where they could easily have fired into the bedroom. A light

from a neighbor's porch shone on their faces. Smiddy had a shotgun. Smith has known Smiddy all his life and was very positive in his identification of both men. Several witnesses heard this and other shooting about this time and in the vicinity. Both the defendant, Smiddy, and Bennett proved they were at their respective homes. There had never been any trouble between the men. The reputation of the defendant for general morality was proven to be bad.

On the point of an absence of motive, the assistant attorney general briefing the case says: "To state that a native Kentuckian, living on the Tennessee Border in the mountains of South Eastern Kentucky, could aim a firearm with the intention of missing a house, which was plainly in view about fifty feet away, and then hit a window in that house by accident, is too ridiculous to be considered by a Kentucky jury." We need not go so far, but merely express the opinion that the act itself indicated deliberateness and showed such indifference to the consequences as to impute willfulness and maliciousness or the evil intent to do a wrongful act without just cause or excuse. Goodman v. Commonwealth, 169 Ky. 542, 184 S. W. 876. A man cannot be held not guilty as a matter of law simply because his motive for perpetrating the offense cannot be discovered.

Assuming the application of the rule that the whole series of instructions should be given where there were no eyewitnesses and there was evidence of a struggle or other condition justifying an inference that a lesser degree of murder may have been committed, it is sufficient to say the evidence in this record is not wholly circumstantial. Even in a murder case where the evidence is in part direct and in part circumstantial, the rule referred to does not apply. Smith v. Commonwealth, 140 Ky. 599, 131 S. W. 499; Wolf v. Commonwealth, 214 Ky. 544, 283 S. W. 385. That is this case.

The judgment is affirmed.