**Walter NEELY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 5, 1959.

Sanders & Redwine, Pikeville, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellant, Walter Neely, was convicted of willfully and maliciously shooting at and into a motor vehicle occupied by a person and a penalty of imprisonment for two years was imposed. KRS 435.170(4).

While riding along a highway one night with Molly Phillips, who was driving the car, Neely fired a pistol out the window at and struck an automobile which had just passed that car. Grayson Phillips, Jr., Molly's stepson, was driving that automobile, which belonged to his brother-in-law, Jim Hunt. Enmity existed between Neely and Phillips. That is the proof of the Commonwealth.

The defendant testified that while Molly had been previously driving the car that evening, he was driving it at the time and place described by the Commonwealth's witnesses; that he did not have a pistol with him and that he did not fire at the other car. Molly corroborated him. Neely admitted he had been drinking moonshine whiskey during the evening.

The appellant contends the trial court committed error in failing to instruct on the misdemeanors of recklessly shooting at or into a motor vehicle, KRS 435.190, and discharging a deadly weapon on a public highway. KRS 435.200. The contention is based upon the fact it was not shown that the defendant knew the car was Hunt's

and that he was "mad at Jim Hunt." He claims not to have known who was in the car. He therefore, argues there was no evidence that the act was maliciously done.

■■ The statute under which the appellant was convicted, KRS 435.170(4), requires merely that the motor vehicle shot at or into was occupied by some person. The given instruction was in accord but identified the vehicle by naming the owner and the occupant. If the defendant fired the shots, as the jury found he did, he, of course, knew that the moving automobile was occupied by some person. The same subsection of the statute includes not only shooting at or into a motor vehicle, but also a railroad passenger coach or station or a dwelling house. The primary purpose of the statute is to protect human life. This statute catalogs these acts with willfully and maliciously shooting, or stabbing, or striking a person with a deadly weapon with intent to kill and prescribes the same penalty—confinement in the penitentiary for not less than two nor more than twenty-one years. If the shooting at or into an occupied motor vehicle was done maliciously and willfully, it comes within the statute. Burkhart v. Commonwealth, 119 Ky. 317, 83 S.W. 633. The defendant seems to make no distinction between motive and malice. The very act of shooting the pistol under the circumstances of this case was evidence of maliciousness, which may be manifested or inferred from the circumstances. Crawford v. Commonwealth, 279 Ky. 224, 130 S.W.2d 17. In Smiddy v. Commonwealth, 311 Ky. 850, 226 S.W.2d 22, 23, we held the act of shooting into an occupied dwelling house from a highway indicated "deliberateness and showed such indifference to the consequences as to impute willfulness and maliciousness or the evil intent to do a wrongful act without just cause or excuse." We held, therefore, it was not error to omit an instruction on discharging a deadly weapon upon a public highway. In Thacker v. Commonwealth, Ky., 306 S.W.2d 292, the omission of an instruction on recklessly shooting was jus-

tified where the defendant intentionally shot into a passing automobile occupied by a deputy sheriff.

■■ The defendant called the county judge to impeach a witness for the Commonwealth on a matter that appears to have been quite immaterial. The Commonwealth's Attorney by cross-examination established that the defendant had been placed under a bond to keep the peace because of threats of violence he had made toward Phillips. The clear purpose of the evidence being to prove threats and animosity, failure of the court to admonish the jury that they should consider it only for that purpose was not error. Warner v. Commonwealth, 84 S.W. 742, 27 Ky.Law Rep. 219. Moreover, the defendant waived any benefit that he might have had from an admonition as to the purpose of the evidence by failing to request it. Adams v. Commonwealth, Ky., 261 S.W.2d 811.

Wherefore, the judgment is affirmed.