**Chester HARRIS, Appellee,**

v.

**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Appellant.**

**No. 9917.**

United States Court of Appeals
Fourth Circuit.

Argued June 3, 1965.
Decided Aug. 17, 1965.

---

George H. Mitchell, Asst. Atty. Gen., of West Virginia (C. Donald Robertson, Atty. Gen., of West Virginia, on brief), for appellant.

Joseph A. Gompers, Wheeling, W. Va. (Court-assigned counsel), for appellee.

Before SOBELOFF and BRYAN, Circuit Judges, and WINTER, District Judge.

SOBELOFF, Circuit Judge:

The State of West Virginia seeks by this appeal to reverse an order of the United States District Court for the Northern District of West Virginia. The order directed Otto C. Boles, Warden of the state penitentiary, to release the appellee Chester Harris, petitioner for federal habeas corpus, who has been confined since December 29, 1950, under a life sentence as a recidivist.

Execution of the order of release was stayed, however, to allow the state to take an appeal or initiate retrial proceedings in the state courts. The Attorney General decided to take an appeal, conceding, in keeping with the established practice in the courts of West Virginia, that if the District Court's order is affirmed the recidivist information upon which Harris was convicted and sentenced could not be retried. This limitation on retrial is based on the requirement, embodied in the recidivist statute, that a defendant shall be tried for recidivism during the same term of court as his most recent conviction. West Virginia Code § 6131 (61–11–19) (1961).

In November, 1950, Harris was arrested and charged in a two count indictment, one count alleging breaking and entering, and the other alleging an entry without breaking of a dwelling house and room. After a plea of not guilty was entered, the trial proceeded

and the jury found the defendant guilty of entering without breaking. The maximum sentence for this offense is a term of one to ten years. The following month, on December 29, 1950, the defendant was again brought before the court, this time to answer to an information filed by the prosecutor charging him with having been convicted of prior felonies in the State of Georgia and invoking the provisions of the habitual criminal statute, West Virginia Code § 6130 (61–11–18) (1961). The judge asked the defendant if he was the person involved in the prior convictions, and when Harris admitted that he was, the life sentence was imposed.

The West Virginia habitual offender statute plainly requires that the defendant shall be "duly cautioned" before being asked concerning his identity as the person who has been previously convicted. The decisions of the Supreme Court of Appeals of West Virginia insist that strict observance of this requirement is jurisdictionally mandatory and that unless fully complied with the additional sentence for recidivism is void. State ex rel. Robb v. Boles, 136 S.E.2d 891 (W.Va.1964). In his petition for habeas corpus Harris asserted that he had not been duly cautioned in the recidivist proceeding, that he was simply told to stand and answer the judge's questions. In the federal court hearing the state merely offered in evidence the state court judgment order which recites without further elaboration that the petitioner was "duly cautioned." No effort was made to call any of the participants in the proceeding though several of them were available. The Supreme Court of Appeals of West Virginia has recently held that such a statement in the judgment order "is merely the opinion of the circuit court * * * and must be regarded as a conclusion instead of a statement of fact * * *." State ex rel. Beckett v. Boles, 138 S.E.2d 851, 856 (W.Va.1964).

From these recent expositions of the law by the highest court of the state, it appears that West Virginia's trial judges have in the past often failed to "duly caution" defendants in recidivist proceedings. While judgments frequently included recitals of cautioning, these were in many instances no more than routine statements made even when no cautioning had occurred. In the case last cited, for example, while the judgment order declared that the defendant had been "duly cautioned," the transcript showed with perfect clarity that no attempt had been made to warn the defendant as to the nature and serious consequences of the proceedings. In another case the trial judge thought that he had discharged his duty when he merely told the defendant to "pay attention." Mounts v. Boles, 326 F.2d 186 (4th Cir. 1963). See also Spry v. Boles, 299 F.2d 332 (4th Cir. 1962). The Supreme Court of Appeals of West Virginia is of course the authoritative interpreter of the state's habitual offender statute. We therefore accept its holding that a conclusory recital to the effect that a defendant had been duly cautioned is of such an ambiguous nature that, standing alone, it will not refute the contrary testimony that there was in fact no compliance with the statute's mandate.[1]

Petitioner also attacked his life sentence on the ground that the prior Georgia convictions, upon which West Virginia relies, were void because he was not represented by counsel in those proceedings. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In the state's answer to Harris' petition it contested this allegation by attaching authenticated copies of the 1939 and 1944 Georgia indictments, but strangely enough these documents were not offered in evidence in the District Court hearing. Thus the record on appeal contains only petitioner's testimony that no counsel was present in his be-

---

1. The Attorney General has informed us that in recent months the practice has been adopted of recording the proceedings in recidivist hearings, so that the present problem hopefully will not recur in future cases.

half at either of the Georgia trials. The evidence being uncontested, we must accept it as true and treat the prior Georgia convictions as void and no proper foundation for the West Virginia recidivist sentence.

■ However, even if these indictments had been introduced in evidence in the District Court, they could not avail to save the recidivist proceeding. The 1939 Georgia indictment, in which Harris was the sole defendant, had a name on the reverse side which the state contended, but did not prove, was the signature of his lawyer. The 1944 Georgia indictment cannot possibly serve as a foundation for the West Virginia habitual criminal sentence, for the indictment accused seven persons, and on its back bore the purported signatures of only five, thought to be those of lawyers. This listing of names is by no stretch sufficient to refute the petitioner's contention that he was unrepresented since there were not enough lawyers to go around among the seven defendants. There is nothing to show who represented this defendant or that anyone represented him. No testimony was offered by the state to explain or support its theory of the meaning of the entries on the back of the indictment. The record contains no authentication of these signatures, nor is there before us even any statement in a judgment order to the effect that Harris had counsel either in 1939 or 1944.

Moreover, Harris is entitled to immediate release assuming that only the 1944 conviction were voided and the 1939 conviction were to remain standing. Under the West Virginia recidivist statute a defendant who has committed only one prior felony may be sentenced to a maximum additional term of five years, not a life sentence. The parties have stipulated that Harris would now be eligible for release if he had been given no more than a sentence of five years under the recidivist statute in addition to the maximum sentence of one to ten years for entering without breaking.

For these reasons the order of the District Judge is affirmed and the petitioner shall be released from custody.

Affirmed.