Francis WILSON, Petitioner-Appellant,

v.

Martin J. WIMAN, Superintendent, Kentucky State Reformatory, Respondent-Appellee.

No. 17539.

United States Court of Appeals
Sixth Circuit.

Dec. 11, 1967.

J. David Francis, and John David Cole, Bowling Green, Ky., for appellant.

Charles W. Runyan, Asst. Atty. Gen., Frankfort, Ky., for appellee, Robert Matthews, Atty. Gen., Frankfort, Ky., on brief.

Before O'SULLIVAN, PHILLIPS and CELEBREZZE, Circuit Judges.

CELEBREZZE, Circuit Judge.

In 1964 the Petitioner was convicted in the Monroe Circuit Court of storehouse breaking and, as a third offender, was sentenced to life imprisonment as authorized under Kentucky's Habitual Criminal Act, K.R.S. § 413.190. He perfected an appeal to the highest court of Kentucky, Wilson v. Commonwealth, 403 S.W.2d 705 (Ky.1966), and after affirmance of his conviction, he exhausted the available state post conviction remedies. Wilson v. Commonwealth, 403 S.W.2d 710 (Ky.1966). Petitioner then filed an ap-

plication for a writ of habeas corpus in the United States District Court for the Western District of Kentucky. It is from the denial of that writ that the instant appeal is taken.

Two grounds are asserted as justifying habeas corpus relief. Petitioner first contends that the habitual criminal conviction cannot stand for the reason that one of the convictions upon which the recidivist indictment was based was void, it having been obtained at a trial where the Petitioner was not represented by counsel. Secondly Petitioner contends that the Kentucky procedure of trying the instant crime and the habitual criminal count in the same proceeding destroyed the jury's impartiality. Recognizing that Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), foreclosed this contention, the Petitioner amended his petition to assert that the failure of the trial court to give any limiting instructions to the jury removed this case from the *Spencer* rule.

On the first ground it appears that the Petitioner was convicted of dwelling house breaking in the Warren Circuit Court in 1933. No adequate trial court records were available to clarify the circumstances surrounding the trial, but at least two facts are clearly established: At the time of his first conviction the Petitioner was under eighteen, and at the trial he pleaded guilty to breaking into the house of an uncle who had taken him in as an orphan. The Petitioner claims that he did not have the advice of counsel before making his plea and that he did not waive that right nor his rights as a juvenile. Several affiants testified that they were around the courthouse on the date of the 1933 trial and did not recall seeing an attorney with the Petitioner. On the Petitioner's indictment, however, the name "Stagner" was written, and evidence was presented that it was the custom in the courts of that area to enter the name of the defense counsel on the face of the indictment. It was also shown that an attorney named Stagner began practicing law in Warren County in 1932.

Petitioner relies primarily upon his bare allegation and the fact that he pleaded guilty to breaking into the house in which he lived. He contends that no lawyer would permit such a plea. Also Petitioner contends that the presumption of regularity of court procedures must give way in this case to the presumption against waiver of counsel. But his reliance upon this conflict of presumptions is misplaced; before the conflict arises the Petitioner must establish that he did not have counsel at his trial.[1] The District Judge was not so persuaded by the evidence presented, and from the record on appeal we cannot say that this finding of fact was clearly erroneous.

United States ex rel. Craig v. Myers, 329 F.2d 856 (3rd Cir. 1964), and United States ex rel. Lynch v. Fay, 184 F.Supp. 277 (S.D.N.Y.1960), upon which Petitioner relies to support his first contention, are not in point. In both of those cases it was first clearly established that the Petitioner was without counsel at his earlier trial. Perhaps the mere appearance of the name "Stagner" on the Petitioner's indictment would have been insufficient to show that Petitioner was represented by counsel. Cf. Harris v. Boles, 349 F.2d 607 (4th Cir. 1965). But here the State produced evidence concerning the customary practice of the court and evidence that Stagner was a practicing attorney in the area at the time of the trial. This proof coupled with the presumption of regularity in court procedures is sufficient to overcome Petitioner's bare allegation that he was without counsel. Had Petitioner established that he was without counsel, a heavy burden would have rested upon the State to prove that the right to counsel had been knowingly and intelligently waived.

---

1. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), does not change the result in this case. There the records in question indicated that the defendant was without counsel or were silent concerning the presence of defense counsel. In the instant case the record contains an affirmative indication that the Appellant was represented at the 1933 trial.

Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); United States ex rel. Savini v. Jackson, 250 F.2d 349 (2d Cir. 1957). Having failed in the proof, however, Petitioner does not have the benefit of the presumption against waiver of counsel.

On his second ground the Petitioner contends that, though the recidivist procedure in Kentucky might be permissible under the *Spencer* rule, the failure of the trial judge to give limiting instructions to the jury concerning the prior convictions so prejudiced his case as to deny him a fair trial. It does not appear from the record before this Court whether a request for an instruction was made at the time of the charge to the jury. Nor does it appear that objection was made to the failure of the trial judge to charge concerning the prior convictions. Also the prior decisions of the Kentucky Court of Appeals relative to the instant case give no indication that this point was ever raised in the appeal or in the post conviction proceeding.

■ Moreover, the instant case is not factually identical to *Spencer*. Here the Petitioner elected to take the stand to testify in his own defense. The evidence of his prior convictions would have been properly admissible, therefore, as affecting the credibility of the Petitioner as a witness. Patton v. Commonwealth, 273 S.W.2d 841 (Ky.1954). So this Court is not faced with a *Spencer*-type case but with the proposition that the introduction of the properly admissible evidence of the Petitioner's prior convictions was so prejudicial that the failure of the trial court to *sua sponte* instruct the jury as to the application of that evidence deprived the Petitioner of a fair trial as guaranteed by the Due Process Clause of the Fourteenth Amendment.

■ Deficiencies in jury instructions, are generally waived unless they are asserted on appeal, and in the usual case the deficiency cannot be asserted on appeal unless a timely objection was made to the trial court. Nutt v. United States, 335 F.2d 817 (10th Cir. 1964). Dirring v. United States, 328 F.2d 512 (1st Cir. 1964). Kentucky follows the same rule. Neely v. Commonwealth, 325 S.W.2d 79 (Ky.1959). Although it is true that the exposure of the jury to certain evidence has been held so prejudicial that no instruction to the jury will cure the prejudice,[2] *Spencer* compels the conclusion that prior convictions properly introduced are not in that category.

■ According to *Spencer* a limiting instruction would have cured the prejudicial effects of the introduction of Petitioner's prior convictions. The Petitioner was represented by counsel at his trial, on his appeal, and at his State post conviction proceedings. Having by-passed his opportunity to object to the lack of an instruction in these proceedings, the Petitioner cannot now raise the issue in a federal collateral attack on his trial.

The judgment of the District Court is affirmed.

PHILLIPS, Circuit Judge. Concurring.

I agree that the presumption of regularity of court records and procedures is sufficient under the facts of this case to support the conclusion that appellant was represented by counsel at his trial in the State court in 1933.

I concur in the second ground of the opinion only because this Court is bound by the majority opinion in Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, which was followed in Haggard v. Henderson, 382 F.2d 288 (6th Cir.). Otherwise I would reverse for the reasons expressed in the dissenting opinion of the Chief Justice in Spencer v. State of Texas and his concurring opinion in Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

---

2. E. g. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) (possibly involuntary confession); Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959) (prior convictions that had been previously excluded by trial judge revealed to jury through newspaper articles; Court exercising supervisory power).