Gilbert WATSON, Petitioner-Appellee,

v.

Frank A. EYMAN, Warden, Arizona State Penitentiary, Respondent-Appellant.

No. 23871.

United States Court of Appeals
Ninth Circuit.

Dec. 1, 1969.

Thomas M. Tuggle (argued), Asst. Atty. Gen., Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for appellant.

John J. Doyle (argued), San Rafael, Cal., for appellee.

Before MERRILL, CARTER and TRASK, Circuit Judges.

PER CURIAM:

Appellee Watson was charged by the State of Arizona with the crime of illegal possession of narcotic drugs. He was represented by counsel at arraignment and with advice of counsel entered a plea of guilty. At a later proceeding in absence of counsel he was sentenced to a term of twelve to twenty-five years, which sentence he is now serving in the custody of appellant.

In these proceedings in habeas corpus appellee attacks the sentence imposed upon the ground that he had not waived counsel at the time of sentencing. The District Court entertained hearing on the claim, found in favor of appellee and directed that he be resentenced or released.

This appeal was taken by Arizona on behalf of appellant warden.

There was no transcript of the proceedings at the time of sentencing. A minute entry of the proceedings reads:

"Defendant is present without counsel and desires that the Court proceed without counsel."

Before the District Court appellee testified that his counsel did not appear with him at the sentencing proceeding; that he was asked if he wanted to proceed without counsel, to which he answered no; that an effort was made to locate his counsel and that, pursuant to such effort, everyone "sat there about 15, 20 minutes before the clerk recalled [petitioner's attorney's] office and still couldn't locate him." The petitioner then testified as follows:

"So he [the Court] said, 'Well, we can't locate your attorney. What do you want to do?' I told him that I didn't know what to do. So he said, 'Well, we'll proceed.' "

Testimony of others who were present at the time of sentencing could cast no light on the question of waiver.

In Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962), it is stated:

"The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

Arizona's proof falls far short of this. Even assuming the accuracy of the court record, there was nothing to indicate that counsel was intelligently and understandingly waived. *See* Wilson v. Wiman, 386 F.2d 968 (6th Cir. 1967), cert. denied, 390 U.S. 1042, 88 S.Ct. 1634, 20 L.Ed.2d 303 (1968). The finding of the

District Court that petitioner did not knowingly and voluntarily waive counsel cannot on this record be said to be clearly erroneous.

Judgment affirmed.