**Hubert CHANEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 13, 1970.

Eugene Watson, Irvine, for appellant.

John B. Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

The appellant, Hubert Chaney, was sentenced to serve two years in the penitentiary for wilful and malicious shooting into an occupied motor vehicle in violation of KRS 435.190. His appeal involves the presence of bystanders on a jury panel from which a petit jury was chosen for the trial of his case. This circumstance presents a seeming conflict between KRS 29.280 and RCr 9.30.

The trial court wrote, in overruling Chaney's motion for a new trial, that "* * * when the regular jury was impaneled, that after the jurors had been examined, there were three vacancies or three members short of the lawful panel and the court, on its own motion in compliance with KRS 29.280, directed the sheriff to summon three jurors who were not taken from the wheel, to serve upon the regular panel, and that Jessie Bowman was one of those jurors that was summoned who was at that time placed upon the regular panel and continued to serve for the remainder of the term of court." This use of bystanders on the panel was not discovered by defense counsel until after the trial and was one of the grounds stated in his motion for a new trial and, of course, is pursued on this appeal.

When the General Assembly approved the new Rules of Criminal Procedure in 1962 it repealed statutes and subsections of statutes which conflicted with the new procedural rules, and among the repealed subsections was KRS 29.280(3) which had provided that "If in any criminal or penal action *called for trial*, the panel is exhausted by challenge * * * the judge may supply such jurors by drawing from the drum, or may direct the sheriff to summon for the trial of that action any number of bystanders or persons to fill such vacancies." The repeal of this subsection obviously was intended to clear the way for the full effectiveness of RCr 9.30, one of the new rules approved by the General Assembly in the same comprehensive Act which repealed the conflicting statutory law. (Acts of 1962, c 234) RCr 9.30 provides in pertinent part:

"(1) (c) When it appears that the names in the jury box are about to become exhausted, the judge may obtain additional

jurors by drawing from the drum, or *with the consent of the parties*, by ordering the sheriff or a bailiff appointed by the court to summon any number of qualified persons."

Perhaps just as significant as the repeal of KRS 29.280(3) is the fact that the legislature permitted KRS 29.280(1) and (2) to remain in effect and subsection (1) provides:

"(1) At the time of selecting the petit juries from the list of names drawn from the drum for that purpose, if there fail to attend or be excused by the court for good cause, such a number as will not leave the number of jurors required, the judge shall draw from the drum, in open court, double the number of names to supply the places of those excused and those failing to attend, and the jurors so drawn shall be summoned by the sheriff. If any of those so drawn and summoned are likewise excused or fail to attend, the judge shall again draw from the drum, in open court, double the number of names to supply their places, and so on until the requisite number is obtained. *If at any time during the term it becomes necessary to supply one or more jurors, double the number of names necessary for supplying their places shall be drawn from the drum and summoned by the sheriff. If the number of vacancies does not exceed three, the judge may direct the sheriff to summon bystanders to supply the vacancies, instead of drawing additional names from the drum.*"

(Subsection (2) merely permits use of bystanders in civil trials.)

■ The purpose of KRS 29.280(1) in permitting the trial judge to call three bystanders to fill out a jury panel during a term of court is to expedite handling of the court's business when the jury panel becomes depleted for any reason and drawing additional names from the drum would unduly delay transaction of the court's business. If the number of additional jurors needed for the depleted panel is more than three, the court must draw names from the drum; if less than three, the court may put three bystanders on the panel. Under KRS 29.135(1) the court is required to draw for the *next* term not more than sixty names from the drum from which twelve grand jurors must be procured and not less than twenty-four nor more than thirty-two jurors to serve on petit juries. We conclude that Chaney was tried by a legally impaneled jury, for there is a vast difference between using three bystanders to fill out a jury panel of approximately thirty people and using three bystanders to fill out a jury after a trial is called and a jury is being selected. In so concluding, we construe the trial judge's account as meaning that he called three bystanders at the current term which was the "next" term after the names of prospective jurors were drawn from the drum at the previous term of court under KRS 29.135.

■ The prosecution case disclosed that a truck was struck by a blast from a shotgun as it was moving along the highway at night and that the shot narrowly missed the driver who wheeled his truck around and saw the appellant, Chaney, run away with the gun in his hand. Chaney pled not guilty to the charge and attempted to show that he was not in the area at that time. The prosecuting witness and Chaney had been brothers-in-law and there was some bad feeling between them. In denying the shooting Chaney, of course, offered no evidence to suggest that if he had shot at the truck, it was done recklessly, and for that reason the court was wholly justified in not giving an instruction covering reckless shooting into a vehicle under KRS 435.190. Malice and wilfulness are inferred from the circumstances, Neely v. Commonwealth, Ky., 325 S.W.2d 79 (1959). While there was evidence that Chaney had been drinking some, he denied that he was drunk, saying "With everybody drinking out of a bottle it don't go very far,

half-pints anyway." In view of Chaney's denial that he fired the shot at the truck, there was no reason to instruct on the effect of drunkenness in its relation to wilfulness and malice. The bill of particulars supplied Chaney with information which precluded any prejudice to his substantial rights upon the merits. RCr 6.12. Chaney knew what he was being tried for, and he had a fair trial before a properly inpaneled jury.

The judgment is affirmed.

All concur.