Chief Judge Fuld
(dissenting). In my view, the record before us establishes that the appellant was not represented *150 by counsel in Arkansas at the time of his conviction on April 4, 1960 — unquestionably the most critical stage of the proceeding. It follows, therefore, that it was constitutionally impermissible for the courts below to rely on that conviction as a predicate for punishing him as a fourth-felony offender following his conviction for grand larceny in this State six years later. (See, e.g., Burgett v. Texas, 389 U. S. 109; Oswald v. Crouse, 420 F. 2d 373; Harris v. Boles, 349 F. 2d 607.)
The appellant pleaded guilty to the crimes of burglary and grand larceny and was thereupon sentenced to imprisonment for three years by the Arkansas court on April 4,1960. The certified copy of the judgment — to which no reference is made in the court’s opinion — makes it exceedingly clear that he was not represented by a lawyer on that day. Thus, the judgment' expressly recites that the appellant appeared “in proper person ” — that is, without an attorney (see, e.g., Black’s Law Dictionary [rev. 4th ed., 1968], pp. 899-900); in pertinent part, it reads as follows :
“ This day comes the State of Arkansas by Frank Holt, Prosecuting attorney, and comes the defendant in proper person in custody of the Sheriff and defendant is called to the bar of the Court and informed of the nature of the information filed herein, enters his plea of guilty thereto; whereupon the Court doth assess punishment at imprisonment in the State Penitentiary of Three (3) years for Burglary & Three (3) years for Grand Larceny, concurrent. ” (Italics supplied.)
That he was without counsel when actually convicted is made even more manifest by the “ transcript of the judgment ” which accompanied him to prison. On a printed form, entitled “ Penitentiary Commitment,” the words “by his Attorney” were actually “ x ”ed out:
“ This day comes the State of Arkansas by Frank Holt, Prosecuting Attorney, and comes the defendant in proper person in custody of the Sheriff and fey Mgc ÉMmmy defendant is called to the bar of the Court and informed of the nature of the information filed herein, enters his plea of guilty thereto ”.
In short, to paraphrase what was said in Burgett (389 U. S. 109,114, supra) — a case on its facts far less compelling than the *151 present one — the certified records of the Arkansas conviction “on their face raise a presumption” that the appellant was denied his right to counsel in the Arkansas proceeding and that, therefore, “ his conviction was void.”
Misplaced, I suggest, is the majority’s reliance on the entry appearing in the court docket under date of March 7, 1960, the day on which the appellant, along with two codefendants, was arraigned and entered a plea of not guilty. Even were we to assume that the recital, “ Harry Robinson appointed to defend ”, indicated that Mr. Robinson was assigned to represent the appellant rather than his fellow defendants — and this is debatable (cf. Oswald, v. Crouse, 420 F. 2d 373, 374, supra; Harris V. Boles, 349 F. 2d 607, 610, supra) —the indisputable fact is that on the critical day of reckoning, when he pleaded guilfy and was sentenced to three years in prison, he was without the aid or assistance of counsel. Consequently, as I have already noted, the Arkansas conviction was improperly relied upon as a predicate for fourth-felony-offender punishment.[1]
The order appealed from should be reversed and the appellant resentenced as a third-felony offender under the law as it stood in 1966.
Judges Scileppi, Bergast, Breitel and Gibson concur with Judge Jasen; Chief Judge Fuñó dissents and votes to reverse in a separate opinion in which Judge Burke concurs.
Qrder affirmed.

. Having adopted this view, I find it unnecessary to reach or consider the question concerning the urden of proof in case such as this.