**Luther C. CONNER, Jr., Administrator of the Estate of William Everett Perdew, Deceased, Appellant,**

v.

**Donald DENNEY, Executor of the Estate of Lee Ann Perdew, Deceased, Appellee.**

Court of Appeals of Kentucky.

Feb. 21, 1975.

Rehearing Denied May 9, 1975.

Luther C. Conner, Jr., pro se.

Eddie C. Lovelace, Albany, for appellee.

HENRY M. GRIFFIN, Special Commissioner.

The principal question before this court is whether it was error for the trial judge on the first day of the term of court, after determining that the jury panel lacked three persons of the number required by law, to direct the sheriff to summon three bystanders to complete the panel.

On the day of trial the appellant moved the court to strike the three bystanders from the regular panel on the ground that the bystanders were not drawn from the drum as required by KRS 29.280.

The trial judge sustained appellant's motion in regard to juror Charlie Sterns, but overruled it as to jurors Baker Riddle and Charlie Groce. It should be noted that appellant thereafter exercised one of his three peremptory challenges to strike Baker Riddle at the time the jury was selected, and that he was thereby disadvantaged because he subsequently used his two remaining challenges and, therefore, had none left for any other unacceptable veniremen.

KRS 29.280(1) provides:

"At the time of selecting the petit juries from the list of names drawn from the drum for that purpose, if there fail to attend or be excused by the court for good cause, such a number as will not leave the number of jurors required, the judge shall draw from the drum, in open court, double the number of names to supply the places of those excused and those failing to attend, and the jurors so drawn shall be summoned by the sheriff. If any of those so drawn and summoned are likewise excused or fail to attend, the judge shall again draw from the drum, in open court, double the number of names to supply their places, and so on until the requisite number is obtained. If at any time during the term it be-

comes necessary to supply one or more jurors, double the number of names necessary for supplying their places shall be drawn from the drum and summoned by the sheriff. If the number of vacancies does not exceed three (3), the judge may direct the sheriff to summon bystanders to supply the vacancies, instead of drawing additional names from the drum."

We believe that in the first two instances referred to in KRS 29.280(1), the statute has reference to the *time of selecting the petit jury* panel and outlines the procedure to follow until the requisite number of jurors is obtained. The statute further provides that if *at any time during the term,* it becomes necessary to supply one or more jurors, their names *shall be drawn from the drum* and summoned by the sheriff. The next sentence, we believe, has reference only to a situation mentioned in the immediately preceding sentence wherein it is provided that if at any time *during the term,* when a trial jury is being selected, it becomes necessary to supply one or more jurors (but not more than three), the trial judge *may direct the sheriff to summon bystanders* to supply the vacancies, instead of drawing additional names from the drum.

Both appellant and appellee have cited Chaney v. Commonwealth, Ky., 451 S.W.2d 671 (1970), as favoring their respective positions. We interpret KRS 29.-280(1) to require that the initial petit jury panel be comprised entirely of persons whose names were drawn from the drum. Thereafter if it becomes necessary to supply additional jurors, the names still must come from the drum unless the number to be supplied is three or less, in which event bystanders may be used. To the extent that Chaney v. Commonwealth, supra, is in conflict with the view announced herein it is overruled.

The judgment is reversed.

All concur.