Robert William LOSIEAU, Appellant,

v.

Maurice H. SIGLER, Warden, Nebraska
State Penitentiary, Appellee.

No. 19178.

United States Court of Appeals
Eighth Circuit.

Feb. 4, 1969.

Rehearing Denied Feb. 28, 1969.

Vincent L. Dowding, of Luebs, Tracy & Huebner, Grand Island, Neb., for appellant.

Melvin K. Kammerlohr, Asst. Atty. Gen., State of Nebraska, Lincoln, Neb., for appellee; Clarence A. H. Meyer, Atty. Gen., of Nebraska, was with him on the brief.

Before MATTHES, MEHAFFY and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The petitioner has spent most of his adult life in prison. This habeas corpus appeal is the culmination of efforts on his part to have a 1952 Nebraska conviction and sentence as a habitual criminal set aside so that his prison terms, if served to completion, would expire in 1982 rather than 1987.[1] To set the 1952 conviction aside, it is necessary to find that the petitioner was deprived of the right to appointed counsel at a critical stage in the 1939 and 1945 criminal proceedings on which the habitual criminal sentence was based.[2] The trial court held that it was not necessary to determine the validity of the proceedings. We reverse and remand.

The petitioner was first convicted in 1939 by a Nebraska state court for armed robbery. Convictions followed in 1945 (stealing an automobile—Nebraska), 1948 (nine crimes involving possessing, passing and forging United States Postal Money Orders—United States District Court), 1952 (burglary—Nebraska), and 1962 (breaking and entering—Nebraska).[3] His punishment

1. The petitioner was sentenced to twenty years imprisonment in 1952 as a result of being determined a habitual criminal. The maximum penalty for burglary is ten years. Apparently, he accumulated good behavior time as his 1952 sentence was completed on December 19, 1967. The petitioner seeks to void the 1952 habitual criminal determination by this action. If he is successful, then the twenty-year sentence imposed in 1962 will have begun to run on the day it was entered instead of beginning to run on December 20, 1967, the day after completion of the 1952 sentence. Thus, the petitioner will be released in 1982 instead of 1987.

2. The Nebraska Habitual Criminal Act, Reissue Revised Statutes of 1943, § 29-2221, provides:

"*29-2221. Habitual criminal, defined; procedure for determination; hearing; penalty; effect of pardon.* (1) Whoever has been twice convicted of crime, sentenced and committed to prison, in this or any other state, or by the United States, or once in this state and once at least in any other state, or by the United States, for terms of not less than one year each shall upon conviction of a felony committed in this state, be deemed to be an habitual criminal, and shall be punished by imprisonment in the Nebraska Penal and Correctional Complex for a term of not less than ten

nor more than twenty years; *Provided,* that no greater punishment is otherwise provided by statute, in which case the law creating the greater punishment shall govern."

3. *1948 Conviction*: Losieau v. United States, 177 F.2d 919 (8th Cir. 1949). The Court denied Losieau's motion to vacate judgment and sentence. The case below was not reported.

*1952 Conviction*: Losieau v. State, 157 Neb. 115, 58 N.W.2d 824 (1953). Direct appeal. The Supreme Court of Nebraska affirmed the conviction.

*1962 Conviction*: State v. Losieau, 174 Neb. 320, 117 N.W.2d 775 (1962), cert. denied sub nom. Losieau v. Nebraska, 374 U.S. 814, 83 S.Ct. 1707, 10 L.Ed.2d 1037 (1963). Direct appeal. The Supreme Court of Nebraska affirmed the conviction. State v. Losieau, 179 Neb. 54, 136 N.W.2d 168 (1965). Direct appeal. The Supreme Court of Nebraska denied the petitioner's motion for new trial. State v. Losieau, 180 Neb. 696, 144 N.W.2d 835 (1966). Post conviction. The Supreme Court of Nebraska, reversing the District Court, held that the petitioner's habeas corpus petition was not brought prematurely although he had not begun to serve the sentence. State v. Losieau, 182 Neb. 367, 154 N.W.2d 762 (1967). Post conviction. The Supreme Court of Nebraska affirmed the District Court's denial of Losieau's motion to vacate his conviction.

was enhanced in 1952 and 1962 pursuant to the provisions of the Nebraska Habitual Criminal Act. On each occasion, as a result, the petitioner received a twenty-year sentence.

The attack on the 1952 habitual criminal conviction and sentence was instituted in two Nebraska District Courts. Each court denied relief without conducting a full evidentiary hearing. The petitioner appealed both decisions to the State Supreme Court. It also denied relief.[4] He then filed a petition with the United States District Court for the District of Nebraska in each case. That court consolidated the matters and gave a full evidentiary hearing on all issues raised by the petitioner. It denied his petition. It found that the petitioner was furnished counsel when he pled guilty in 1945. It held that whether counsel was provided at sentencing was immaterial. It reasoned:

" * * * [T]he normal remedy where counsel was not present at the time of sentencing is to have the individual resentenced. The defect does not affect the validity of the conviction. United States ex rel. Wagner v. Myers, 234 F.Supp. 239 (E.D.Penn. 1964); Hollis v. Ellis, 201 F.Supp. 616 (S.D.Tex.1961). Where the conviction has been used in an habitual criminal charge, it is the validity of the conviction which is important, not that of the sentence. See the memorandum opinion of this court in Kennedy v. Sigler, 1243L. It would seem to be irrelevant to the question raised here whether petitioner had counsel at the sentencing or not."

■■■ We do not agree that the validity of the 1945 sentence is irrelevant. The Nebraska Habitual Criminal Act can be invoked only when a felon has been twice previously convicted, sentenced and imprisoned. Further, each conviction, sentence and imprisonment must be valid or it cannot be used to enhance punishment for another offense. See, Burgett v. State of Texas, 389 U. S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526 (1966); Williams v. Coiner, 392 F.2d 210 (4th Cir. 1968).

In *Burgett,* the Court said:

" * * * To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense * * * is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right."

389 U.S. at 115, 88 S.Ct. at 262.

The trial court's statement that an invalid Nebraska sentence can ordinarily be validated by resentencing and thus does not void a lawful conviction for the same crime is supported by Nebraska case law, State v. Burnside, 181 Neb. 20, 146 N.W.2d 754, 756 (1966), cert. denied, Burnside v. Sigler, 387 U.S. 936, 87 S.Ct. 2063, 18 L.Ed.2d 1000 (1967); Kennedy v. State, 171 Neb. 160, 105 N. W.2d 710, 721 (1960) [dicta]; Haswell v. State, 167 Neb. 169, 92 N.W.2d 161, 165 (1958), and by the language of this Court in Kennedy v. Sigler, 397 F.2d 556, 560 (8th Cir. 1968). We do not believe, however, that the cited cases are controlling here.

The statement had its origin in *Haswell.* There, the defendant was charged with and convicted of the offense of rape, and was given an indeterminate sentence. He appealed to the Supreme Court of Nebraska contending that an indeterminate sentence may not be imposed on one convicted of a crime of violence against a person of another, and that as he had been given such a sen-

4. State v. Brevet, 180 Neb. 616, 144 N.W. 2d 210 (1966), cert. denied sub nom. Losieau v. Nebraska, 386 U.S. 967, 87 S.Ct. 1050, 18 L.Ed.2d 119 (1967). The petitioner used the alias "Brevet" at his 1939 conviction.

State v. Losieau, 180 Neb. 671, 144 N. W.2d 406 (1966). 1945 conviction.

tence, his conviction must be set aside. The Nebraska Supreme Court held that the indeterminate sentence was improperly imposed but sustained the conviction. It remanded the matter to the County Court with directions to impose a proper sentence.

In Kennedy v. State, supra, the defendant was convicted as a habitual criminal in 1959. The state relied on two prior burglary convictions as the basis for the conviction. The defendant contended on appeal that it erred in so doing as he had been erroneously sentenced on one of the prior convictions to serve a period of two years at the Nebraska State Reformatory when he was less than sixteen years of age. The court held that the defendant had failed to establish that he was in fact less than sixteen years of age when the allegedly improper sentence was imposed, thus the sentence was valid. It added by way of dicta:

" * * * This court recently reaffirmed and concluded in Haswell v. State, 167 Neb. 169, 92 N.W.2d 161; that an unauthorized or erroneous sentence does not void a lawful conviction. In any event the age of an accused when he has been twice convicted, sentenced, and committed to prison on a felony charge has no bearing on the question of whether or not he was an habitual criminal within the statutory meaning thereof."

105 N.W.2d at 721.

In *Burnside*, the defendant was charged with robbery. The information also contained a count under the habitual criminal statute. The defendant was found guilty and sentenced to fifteen years in the Nebraska State Penitentiary. No appeal was taken. The defendant then sought relief under the Nebraska Post Conviction Statute. He contended that he had been improperly sentenced as a habitual criminal as such a sentence cannot be imposed where a greater punishment is provided for the current offense. The State District Court granted the defendant's motion as

the punishment for the crime of robbery —three to fifty years—exceeded that permissible as a habitual criminal. The State District Court set aside the previous sentence under the habitual criminal act and reimposed the fifteen year sentence under the appropriate statute. The defendant appealed to the Nebraska Supreme Court where he contended that the conviction must also be set aside as the initial sentence was improper. The court stated:

" * * * We assume, for the purpose of this case, that the original sentence on the finding that the defendant was a habitual criminal is erroneous. But, the finding that the defendant is a habitual criminal does not constitute conviction and sentence for any separate offense. This charge and information merely permitted the court to inflict a greater penalty because of the defendant's previous convictions. Davis v. O'Grady, 137 Neb. 708, 291 N.W. 82. Defendant was tried and convicted by a jury for the offense of robbery. *His motion does not allege that he was deprived of any constitutional rights up to the time of his trial and conviction.* His main contention relates to the erroneousness of his sentence. We have repeatedly held that an unauthorized or erroneous sentence does not void a lawful conviction. Kennedy v. State, 171 Neb. 160, 105 N.W.2d 710; Haswell v. State, 167 Neb. 169, 92 N.W.2d 161. We find no merit in the defendant's contention.

"The record here shows that the most the defendant was entitled to was a vacation of the original sentence and a resentence on the count of robbery for which he was properly tried and convicted. This relief he was granted. The new sentence was for the same period of time as the original sentence and began on the same date, November 3, 1960. The defendant is simply dissatisfied with the length of this sentence. But, it is clear that the new sentence was within the limits of the statutory penalty of 3 to 50 years

for the crime charged and is a valid sentence. The record fails to reveal any abuse of discretion in the imposition of the new sentence."

146 N.W.2d at 756 (Emphasis added.).

Only *Haswell* and *Burnside* hold that an invalid sentence does not affect the validity of a valid conviction. In neither case, however, was the court presented with the question of whatever a sentence, void for lack of counsel, can be retroactively validated after it has been fully served to support the imposition of a habitual criminal sentence imposed during the period that the sentence was void.

■ We are faced with the undecided question. We hold that if the defendant's 1945 sentence is invalid, it cannot be validated in 1968 for the purpose of supporting a 1952 habitual criminal sentence. Oksanen v. United States, 362 F.2d 74, 80, 81 (8th Cir. 1966).[5] To reach any other conclusion under the facts of this case would be to render meaningless the defendant's right to counsel in 1945. It is obviously impossible at this late date to recreate the conditions that existed in 1945.

We turn to an examination of the validity of the convictions and sentences in 1939 and 1945.

## THE 1939 PROCEEDINGS

The evidence introduced at petitioner's hearing before the United States District Court showed that the petitioner—age nineteen—was arrested on September 1, 1939, for armed robbery (involving $18.30). On the same day, he waived the statutory time of service and time to plead. He entered a plea of guilty and was sentenced as a first offender to seven years in the Nebraska State Penitentiary.[6] He was transported to prison on September 2d. He was without counsel during all stages of the proceeding.

The state does not dispute what is now settled law that the petitioner, as an indigent, was entitled to appointed counsel and that such counsel was not furnished. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); United States ex rel. Durocher v. LaVallee, 330 F.2d 303 (2d Cir.) (En banc), cert. denied, 377 U.S. 998, 84 S. Ct. 1921, 12 L.Ed.2d 1048 (1964). See generally, 5 A.L.R.3d 1269; 93 A.L.R.2d 747; 20 A.L.R.2d 1240; 3 A.L.R.2d 1003. Nor does it dispute the petitioner's contention that *Gideon* is not limited to prospective applications. See, Burgett v. State of Texas, supra; Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964); Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963). It contends, however, that the petitioner was fully advised of his right to appointed counsel and waived that right. It bases its contention on Journal Entry No. 1514 of the District Court of Hall County, Nebraska. That entry, made on September 1, 1939, read:

"The defendant was brought into open court, where he acknowledged his real

5. In Oksanen v. United States, 362 F.2d 74 (8th Cir. 1966), Judge Gibson discussed the implications of a sentence imposed without counsel. He stated:
" * * * [T]he * * * absence of counsel would seem to be a jurisdictional bar to the trial court's act of sentencing. Any acts by the court after its jurisdiction has been destroyed are considered void. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Boruff v. United States, 310 F. 2d 918 (5 Cir. 1962); Thompson v. King, 107 F.2d 307 (8 Cir. 1939). * * * *"
Id. 362 F.2d at 78.

6. The "Journal Entry," which purported to journalize the 1939 proceedings, was not filed until April 7, 1952. On February 5, 1965, the petitioner moved to vacate his 1939 conviction on the grounds he was convicted of a crime for which he was not charged. On February 8, 1965, the County Attorney moved for an order *nunc pro tunc* correcting the journal to read "armed robbery" instead of "burglary." On February 19, 1965, a hearing was held on both motions. The court granted the County Attorney's motion and denied the petitioner's motion.

and true name to be Robert William Brevet. The defendant being without counsel was interrogated as to his age, education and understanding of the proceedings, and the Court deeming him to have an understanding of the proceedings, *he was asked whether or not he desired to have counsel and he stated that he did not desire to be represented by counsel.*

"Thereupon, the defendant was arraigned on the information and was informed of the alternatives open to him by way of pleas; whereupon, the defendant entered a plea of guilty to the charge of burglary as set out in the information.

"Thereupon, it was by the Court considered, ordered and adjudged that the defendant is guilty of the offense of burglary as charged in the information, and the defendant was advised of said judgment of conviction and the duty of the Court to pass sentence upon him.

"Thereupon, the defendant was asked if he had anything to say why judgment should not be passed against him and he replied in the negative.

"WHEREUPON, the Court being fully advised in the premises, it is the judgment and sentence of the Court that for the offense of burglary as set out in the information, of which he had been convicted, the defendant be, and hereby is imprisoned in the Nebraska State Penitentiary at Lancaster, in Lancaster County, Nebraska, for a period of seven (7) years, at hard labor, Sundays and holidays excepted, solitary confinement to be no part of this sentence, and the defendant to pay the costs of these proceedings. The defendant to stand committed until discharged according to

law. Commitment ordered accordingly." (Emphasis added.)

The state supplements this Journal Entry by referring to a decision of the Supreme Court of Nebraska. State v. Brevet, 180 Neb. 616, 144 N.W.2d 210, 212 (1966), cert. denied sub nom. Losieau v. Nebraska, 386 U.S. 967, 87 S. Ct. 1050 (1967). That decision reports a slightly different version of the colloquy taken from the Court Reporter's notes: [7]

"The court thereupon interrogated the defendant and adduced the following facts: Defendant gave his name as Robert William Brevet. He stated he was ready to be arraigned on the information filed against him. He gave his age as 24.[8] He stated he understood the charge against him and that the offense carried a penalty of 3 to 50 years in the penitentiary. He stated he understood he was entitled to have an attorney represent him if he wished one. * * * He was then asked if he was ready to plead to the information and his answer was 'Yes, sir.' He was then asked 'And what do you plead to the information? . . . He answered 'Guilty.'"

The Supreme Court of Nebraska accepted the State's contention that the petitioner had validly waived counsel. It stated:

"Now, more than 25 years later, he asserts it was necessary that he should have been told he was entitled to legal counsel at the expense of the state before his constitutional right to legal counsel could be waived. But we pointed out that he stated he did not want an attorney. From the record it is made clear that he did not want a lawyer at his own expense, at the expense of the state, nor at the expense

---

7. The Court Reporter's notes of the 1939 proceedings which were considered by the Nebraska Supreme Court in State v. Brevet, supra, were apparently contained in the Bill of Exceptions. Mr. Buechler, attorney for the petitioner in *Brevet*, submitted an affidavit in which he said, in

effect, that he lost the Bill of Exceptions. The notes were not introduced in the District Court although the petitioner expressed a desire that the court order the state to produce them.

8. The petitioner lied. He was nineteen years old at the time.

of anyone else. He had not only entered his plea of guilty, but he had testified to the details of the armed robbery which he had perpetrated. No logical conclusion can be reached other than that defendant had no defense to the charge, that resistance was futile, and he desired to plead guilty to the charge."

State v. Brevet, supra, 144 N.W.2d at 214.

As we previously noted, the United States District Court did not determine whether the petitioner had validly waived counsel. This question will become decisive only if it determines that the 1945 conviction and sentence cannot be sustained. If the Court so determines, it must then decide the waiver issue.[9] Martin v. United States, 199 F. 2d 279 (8th Cir. 1952).

### THE 1945 PROCEEDING

The petitioner was convicted after entering a plea of guilty in the District Court for Douglas County, Nebraska, on the charge of stealing an automobile. He was sentenced to a term of three years imprisonment. He contends that he was denied his constitutional right to assistance of counsel when he pled guilty and when he was sentenced.

### The Guilty Plea

The record affirmatively demonstrates that the petitioner was represented by a Public Defender when he was arraigned and pled guilty. The Judge's minutes note:

"8-2-45 Defendant represented by Ed Hayes, public defender, waived preliminary examination, 24 hour service of information, arraigned and pled guilty."

The petitioner attempted to overcome this evidence through the testimony of two eye witnesses who were convicted on the same charge with the petitioner. They testified that the petitioner was not represented by counsel. The United States District Court, commenting on this testimony, stated:

"The court does not attach enough weight to this testimony to overcome the testimony of Hayes [infra] and the presumption of regularity. Therefore, the court finds that petitioner has not proven by a preponderance of the evidence that he was not represented by counsel at arraignment."

Where the record, as here, affirmatively demonstrates the accused was represented by counsel, the petitioner has the burden of impeaching the record. The District Court found that the petitioner had not met this burden. This finding has substantial support in the record and will not be overturned.

### The Sentencing

The court record and the Judge's minutes are silent as to whether the petitioner had assistance of counsel at sentencing. They state:

"8-3-45 Sentenced to three years in State Penitentiary at Lincoln, Nebraska."

The petitioner and the two eye witnesses, who were sentenced at the same time, testified that counsel was not present.

Ed Hayes was called as a witness by the petitioner. He testified: that he had

9. See, Brookhart v. Janis, 384 U.S. 1, 2, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966); Carnley v. Cochran, 369 U.S. 506, 82 S. Ct. 884, 8 L.Ed.2d 70 (1962); Von Moltke v. Gillies, 332 U.S. 708, 723-724, 68 S.Ct. 316, 92 L.Ed. 309 (1948); Glasser v. United States, 315 U.S. 60, 70-71, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019 (1938); Davis v. Holman, 354 F.2d 773 (5th Cir. 1965), cert. denied, 384 U. S. 907, 86 S.Ct. 1343, 16 L.Ed.2d 359 (1966); Starks v. United States, 264 F. 2d 797 (4th Cir. 1959); Henderson v. Bannan, 256 F.2d 363 (6th Cir.), cert. denied, 358 U.S. 890, 79 S.Ct. 129, 3 L. Ed.2d 118 (1958); Williams v. Huff, 79 U.S.App.D.C. 31, 142 F.2d 91 (1944); Rice v. Olson, 144 Neb. 547, 548-549, 14 N.W.2d 850, 852 (1944), rev'd, 324 U. S. 786, 789, 65 S.Ct. 989, 89 L.Ed. 1367 (1945); Alexander v. O'Grady, 137 Neb. 645, 290 N.W. 718, cert. denied, 311 U.S. 682, 61 S.Ct. 59, 85 L.Ed. 439 (1940).

been employed as a lawyer in the Office of the Public Defender of Douglas County in August of 1945; that he had no independent recollection of representing the petitioner on an automobile theft charge in 1945; that he would not recognize the petitioner but would recognize the name from a 1950 proceeding; that if the transcript of Douglas County showed that he was present during the proceedings, he was present; that it was his practice, as a member of the Public Defender's office, to appear for the sentencing of defendants represented by him at arraignment; that there might have been instances in which he appeared for a defendant at arraignment but did not appear for sentencing, but he didn't believe there were any; that Judge Henry Beal, who presided in Courtroom No. 1 in Douglas County, required that all persons being arraigned and sentenced be represented by the Public Defender's office if they didn't have counsel; that he was present at arraignments of as many as 2,000 or 3,000 people so he could not remember him and thus had to rely on the record for his testimony.

The District Court did not make findings as to whether the petitioner was represented by counsel at sentencing. He stated, however, that he was inclined to believe that counsel was present.

■■ It is clear that the right to counsel extends to the sentencing proceeding. Mempha v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Rini v. Katzenbach, 403 F.2d 697 (7th Cir. November 6, 1968); Davis v. United States, 226 F.2d 834, 839 (8th Cir. 1955). The right is to be applied retroactively. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (Per Curiam, October 14, 1968).

■ Thus, the only serious question is whether counsel was present when the petitioner was sentenced. This is a question of fact which must be determined by the District Court. As the District Court has not done so, we remand for that purpose.

It appears that a question may arise on remand as to whether the burden of proving the absence of counsel at sentencing rests with the petitioner. We, therefore, feel that it is necessary to comment on this issue.

■ Ordinarily, the burden of proof is on an accused to establish that he was denied the right to counsel. Wilson v. Wiman, 386 F.2d 968, 969 (6th Cir. 1967), cert. denied, 390 U.S. 1042, 88 S. Ct. 1634, 20 L.Ed.2d 303 (1968); Davis v. United States, supra. Burgett v. State of Texas, supra, raises serious questions, however, as to whether an accused has such a burden where the record is silent as to the presence of counsel at a critical stage.[10]

In *Burgett*, the State of Texas offered into evidence a certified copy of one of three prior Tennessee convictions for the purpose of enhancing the penalty under the Texas recidivist statute. The conviction read in part, "Came the Assistant Attorney General for the State and defendant in proper person and without counsel." The petitioner's counsel objected to the introduction of that record on the ground that the judgment on its face showed that the petitioner was not represented by counsel in violation of the Fourteenth Amendment. The court reserved ruling on the objection to permit the state an opportunity to offer any of the other convictions into evidence.

The State then offered a second version of the same Tennessee conviction

10. The Court in Wilson v. Wiman, 386 F. 2d 968 (6th Cir. 1967), recognized this difficulty but stated:
"Burgett v. Texas, 389 U.S. 109, 88 S. Ct. 258, 19 L.Ed.2d 319 (1967), does not change the result in this case. There the records in question indicated

that the defendant was without counsel or were silent concerning the presence of defense counsel. In the instant case the record contains an affirmative indication that the Appellant was represented at the 1933 trial."
Id. at 969, n. 1.

which stated that the petitioner had appeared "in proper person" but did not contain the additional words "without counsel." This second version also stated that "After said jury had heard the evidence, argument of counsel, and the charge of the court, they retired to consider of their verdict."

No explanation was offered for the discrepancy between the two records, nor was it made clear that counsel was used in the singular or plural in the second version of the conviction. The Supreme Court, in speaking of the Tennessee record, stated:

" * * * In this case the certified records of the Tennessee convictions on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible. * * * "

389 U.S. at 115, 88 S.Ct. at 261.

 We are inclined to believe that *Burgett* must be read as holding that where the record is silent as to whether an accused was furnished counsel at a critical stage and where the accused introduces evidence tending to show that he was not in fact so represented, the burden then shifts to the state to prove, by a fair preponderance of the evidence, that the accused was represented. See, United States ex rel. McCloud v. Rundle, 402 F.2d 853 (3d Cir., 1968).

In so holding, we do not intend to indicate to the trial judge our view as to whether sufficient evidence was presented by a state to establish that the petitioner was in fact represented by counsel.

The petitioner also raises a number of other issues in regard to both convictions.

He alleged the 1939 conviction was invalid for the following additional reasons: he was convicted of a crime for which he was not charged (see n. 6); he was beaten by police officers when he would not confess; he was denied coun-

sel although he requested one; he was chained to the bars of the jail; he was not allowed to use the telephone; he did not waive 24-hour service of the information; the transcript of the preliminary proceedings before the Justice of the Peace were not filed at the proper time; and he was promised probation by the police.

He alleged the 1945 conviction was invalid for the following additional reasons: he was coerced through beatings by the police to plead guilty; he was not allowed to use a telephone; the Judge abused his discretion in not allowing the petitioner to withdraw his guilty plea; and he was not informed of his right to a jury trial.

We have examined the record carefully as to these additional allegations and find them without merit.

Reversed and remanded for action consistent with this opinion.