**STATE of Iowa, Appellee,**

v.

**Charles CAMERON, Appellant.**

**No. 52745.**

Supreme Court of Iowa.

May 6, 1969.

Alan R. Havercamp, Davenport, for appellant.

Richard C. Turner, Atty. Gen., James R. Martin, Asst. Atty. Gen., and Edward N. Wehr, County Atty., Davenport, for appellee.

MASON, Justice.

Defendant Charles Cameron appeals from judgment following a jury verdict convicting him of being a habitual criminal contrary to section 747.5, Code, 1966.

March 2, 1967, a county attorney's information was approved and filed charging defendant with lewd and lascivious acts with a child in violation of section 725.2. The same information charged defendant with being a habitual criminal and alleged that he had been at least twice convicted of crimes and sentenced and committed to prisons in this or other states for terms of not less than three years each.

The information then set out four prior convictions which by the Code subject the offender to an increased sentence. These involved a conviction of sodomy July 8, 1926, in the Ohio Common Pleas Court of Lawrence County which resulted in a sentence of five to twenty years in the Ohio reformatory; another conviction in the same court February 20, 1934, for burglary and larceny on which he was sentenced to the Ohio penitentiary for a term of not less than one nor more than fifteen years. Another was in the Recorders Court of Wayne County, Michigan, for carrying a concealed weapon January 31, 1944, and as a consequence he was sentenced to the state penitentiary for two to five years. The other was for murder June 23, 1950, for which he was sentenced by the Lewis County, Kentucky circuit court to the Kentucky state reformatory for six years.

At arraignment March 7 defendant entered a plea of not guilty and March 15 the court entered an order that the cause should be prosecuted on a supplemental information for trial as directed by section 769.6 which provides:

"Allegations of prior convictions. If the offense charged is one for which the defendant, if convicted, will be subject by reason of the Code, to an increased penalty because of prior convictions, the allegation of such convictions, if any, shall be contained in the information. A supplemental information shall be prepared for the purpose of trial of the facts of the current offense only, and shall satisfy all pertinent requirements of the Code, except that it shall make no mention, directly or indirectly, of the allegation of the prior convictions, and shall be the only information read or otherwise presented to the jury prior to conviction of the current offense. The effect of this section shall be to alter the procedure for trying, in one criminal proceeding, the offenses appropriate to its provisions, and not to alter in any manner the basic elements of an offense as provided by law."

Trial to a jury on the supplemental information charging defendant with lewd and lascivious acts resulted in a guilty verdict.

After this conviction, but prior to sentence, the court gave defendant the opportunity to affirm or deny that he was identical with the person previously convicted. At this point defendant denied each of the four allegations of prior convictions. The court then set the matter for trial for the following Monday before the same jury on the sole issue of the offender's identity with the person previously convicted in accordance with section 785.16:

"Prior convictions affirmed or denied. After conviction, but prior to pronouncement of sentence, if the indictment alleges one or more prior convictions which by the Code, subject the offender to an increased sentence, he shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted. If he denies the identity, sentence shall be postponed for such time as to permit a trial before a jury on the sole issue of the offender's identity with the person previously convicted.

"The court may in its discretion reconvene the jury which heard the current offense or dismiss that jury and submit the issue of identity to another jury to be later impaneled. If the offender is found by the jury to be the person previously convicted, or if he acknowledges that he is such person, he shall be sentenced as prescribed in the Code."

In opening statement in the recidivist proceeding the county attorney read the entire information on which defendant had been arraigned, including those allegations setting out the four previous convictions relied on for enhanced penalty and told the jury it was the State's burden to prove beyond a reasonable doubt that defendant Charles Cameron was the identical person who had been convicted of at least two of the offenses alleged.

This is the procedure suggested in State v. Wessling, 260 Iowa 1244, 1260, 150 N.W. 2d 301, 310.

I. In offering State's evidence, exhibits "A", "B", "C" and "D", attested copies of the judgments of conviction and sentence, informations, indictments and mittimuses in the four alleged previous convictions were offered and received in evidence. Defendant's objection, that the exhibits failed to recite on their face the accused in the prior cases had been afforded the assistance of counsel and their introduction without such showing violated Amendment 14 of the United States Constitution, was overruled.

Exhibit "A", the indictment and related papers of the Commonwealth of Kentucky against Charles Cameron, was read to the jury. The record expressly points out defendant was represented by counsel who argued his case to the jury.

Frank Meenach, a State's witness in the instant case, identified Cameron as the same man who had been convicted of the murder of his father in Kentucky.

Exhibit "B", the information and journal entry and mittimus of the Michigan Recorders Court of the city of Detroit in the case of People v. Charles Cameron, a/k/a Charles J. Long, was next read to the jury. The information charged defendant had committed the crimes of attempted breaking and entering and carrying a concealed weapon.

The record states that defendant "being fully advised as to his rights to trial by jury, hereby in open court and in the presence of the court, declares that he voluntarily wishes to waive and relinquish his right to a trial by jury and elects to be tried by the court * * * has signed a written declaration as required by statute * * * said waiver is now on file in this court. * * *

" * * * Defendant by leave of court withdraws his former plea of not guilty and pleads guilty to carrying concealed weap-

ons, and the Judge of said court, *after the required statutory examination,* accept said plea of guilty as offered" (Emphasis supplied). Robert Steele testified for the State he was the arresting officer in the Michigan case referred to in exhibit "B" and defendant here was the man convicted and sentenced in the Michigan proceedings.

Before attempting to read to the jury either exhibits "C" or "D", the indictment, plea and entry of sentence and conviction in the two Ohio cases, the State called Richard Fee, a Davenport detective, as a witness. After the detective stated he had questioned Cameron in the Davenport detective bureau, he was asked what advice he had given defendant before attempting to question him. The detective then detailed the matters he included in warning defendant of his constitutional rights of counsel and his privilege against self-incrimination. The witness testified Cameron volunteered to reveal the prior convictions. At this point defendant's counsel objected to further testimony on the ground defendant had not been properly advised of his constitutional rights prior to questioning as enunciated in the Miranda decision, (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974), claiming there were five elements on which a defendant must be advised before evidence of his statements may be received.

The court immediately excused the jury and took up defendant's objection with both counsel in chambers in defendant's presence with the court reporter making a transcript of the proceedings. This procedure was suggested in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R. 3d 1205, and approved by this court in State v. Holland, 258 Iowa 206, 214–215, 138 N.W. 2d 86, 90–91.

In addition to the four elements we announced in State v. Sefcheck, Iowa, 157 N.W.2d 128, 134, as being required in warning defendant of these constitutional rights under the doctrine announced in

Miranda, supra, defendant contends a fifth essential element of a proper warning was missing, that is, a defendant in custody being interrogated must be advised he may stop answering questions anytime during the interrogation and merely by answering some questions he does not waive his right to refuse to answer any later questions. This contention is discussed in Camacho v. United States (9 Cir.), 407 F.2d 39, 41–42.

It must be conceded Fee did not so advise defendant when warning him of his constitutional rights.

In the initial hearing held in chambers to determine the admissibility of Fee's testimony, the State made an offer of proof of what it expected to show from his conversation with defendant. Defendant objected to the offer. Without passing directly on defendant's contention, the court excluded the witness' testimony on other grounds not material here. The State rested.

Exhibits "C" and "D", the two Ohio judgments, were neither read to nor taken by the jury when they retired to deliberate.

The court in its instructions withdrew from the jury's consideration the two Ohio convictions, telling them the State had failed to sustain its burden of proof on the identity issue.

II. Defendant does not appeal from his conviction of the primary charge of lewd and lascivious acts with a child. No question of procedure as to that charge is raised.

Defendant's appeal is solely from judgment following his conviction in the recidivist proceedings. He assigns one error, the State's action in introducing prior convictions in those proceedings constituted denial of due process. He urges two contentions in support of this assignment.

He maintains reading the entire information to the jury and then failing to produce credible evidence to support two of the alleged prior convictions deprived him of a fair trial and prejudice resulting

could not be corrected by the court's instruction.

Of course, the trial court had excluded the testimony of Fee, whose testimony the State contends it anticipated using for identification of defendant as the same person who had been twice convicted in Ohio.

The jury was told in instruction 4:

"The Information in this case which was read to you as part of the case is not of itself any evidence or any circumstance whatsoever in any way tending to show guilt on the part of the defendant. The information is but a mere formal accusation against the defendant, made in order to place the defendant on trial upon the charge made therein, and which must not be considered by any juror as any evidence whatsoever against the defendant."

At the close of evidence counsel for both sides were furnished preliminary drafts of the proposed instructions. At the close of arguments to the jury and before the instructions were read, both counsel were furnished with copies of the final draft and given opportunity in chambers to take exceptions or make objections. The record indicates defendant had no objections to the instructions. The court fully complied with Code sections 780.4 and 780.35 and rule 196, Rules of Civil Procedure, 58 I.C.A. See State v. Holder, 237 Iowa 72, 83–84, 20 N.W.2d 909, 915 and State v. Hartung, 239 Iowa 414, 424, 30 N.W.2d 491, 497. Inasmuch as defendant did not file motion for new trial, section 787.3 which is not affected by the Rules of Civil Procedure is not involved.

Among the authorities defendant cites to sustain his contention of prejudice and denial of a fair trial is Throckmorton v. Holt, 180 U.S. 552, 567, 21 S.Ct. 474, 480, 45 L.Ed. 663, 671, which states:

"The general rule is that if evidence which may have been taken in the course of a trial be withdrawn from the consideration of the jury by the direction of the

presiding judge, that such direction cures any error which may have been committed by its introduction. * * * [Citing authorities] But yet there may be instances where such a strong impression has been made upon the minds of the jury by illegal and improper testimony, that its subsequent withdrawal will not remove the effect caused by its admission, and in that case the general objection may avail on appeal or writ of error."

In State v. Olson, 249 Iowa 536, 554, 86 N.W.2d 214, 225, we announced a similar rule by saying:

"The general rule is that the distinct, prompt withdrawal of evidence erroneously admitted cures any error in admitting it except in extreme instances where it is manifest the prejudicial effect of the evidence on the jury remained and influenced the verdict despite its exclusion * * * [Citing cases]." This statement was later approved in State v. Long, 250 Iowa 326, 332–333, 93 N.W.2d 744, 747, and citations.

We do not believe either of these pronouncements aid defendant in the circumstances here. Certainly evidence of the two Ohio convictions was material and competent as bearing on the charge of being a habitual criminal. The question arises when the State's efforts to connect up exhibits "C" and "D" failed because Fee's testimony as to defendant's identity with the person convicted in those proceedings was held inadmissible. Defendant did not follow the sustaining of his objection to Fee's testimony by motion to strike all references to exhibits "C" and "D". See 6 Wigmore on Evidence, Third Ed., section 1871; McCormick on Evidence, section 58.

■ Defendant's contention is without merit. We are not dealing with a contention that the prosecution was in bad faith in either alleging the two Ohio convictions as a part of the information or referring to them in its opening statement. However, we are concerned with the effect of those errors, whether well-intentioned or

not, on the constitutionally protected rights of a criminal defendant to a fair and impartial trial. Burgett v. State of Texas, 389 U.S. 109, 116–117, 88 S.Ct. 258, 263, 19 L.Ed.2d 319.

Here the jury was told in instruction 6 that the evidence was insufficient to identify defendant as the Charles Cameron who was convicted of the two Ohio offenses and that the court was withdrawing those convictions from the jury's consideration. The court's instructions adequately protected defendant's rights under the circumstances here.

III. Defendant in his other contention maintains the court erred in permitting the prior convictions to be read to the jury and admitted into evidence wherein the certified copy thereof was silent concerning defendant's representation by counsel at those prior convictions. This complaint is directed toward the State's exhibit "B". He argues on appeal the record in the Michigan case was silent as to his being afforded counsel as guaranteed in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

Evidently the "statutory examination" referred to in the certified copy has reference to section 768.35, Michigan Compiled Laws Annotated, which as then in effect stated:

"Plea of guilty; investigation by judge, refusal to accept. Sec. 35. Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied after such investigation as he may deem necessary for that purpose respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a

trial of the issue thus formed." No provision is made for appointment of counsel on a plea of guilty.

Defendant relies on this statement in Burgett v. State of Texas, supra, 389 U.S. at 114–115, 88 S.Ct. at 262, 19 L.Ed.2d at 324:

" * * * Presuming waiver of counsel from a silent record is impermissible. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense (see Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477 [16 L.Ed.2d 526]) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.

"The admission of a prior criminal conviction which is constitutionally infirm under the standards of Gideon v. Wainwright is inherently prejudicial * * *."

We believe the Burgett case is factually different from the one here. In Burgett one certificate definitely stated defendant was "without counsel" another certificate of the same conviction omitted the additional words "without counsel".

However, in Losieau v. Sigler, 8 Cir., 406 F.2d 795, 803 decided February 4, 1969, that court interpreted Burgett in these words:

"We are inclined to believe that *Burgett* must be read as holding that where the record is silent as to whether an accused was furnished counsel at a critical stage and where the accused introduces evidence tending to show that he was not in fact so represented, the burden then shifts to the state to prove, by a fair preponderance of the evidence, that the accused was represented. See, United States ex rel. McCloud v. Rundle [3 Cir., 402 F.2d 853] * * *."

Defendant concedes he failed to indicate, in any fashion, that his conviction in Michigan was obtained without assistance of counsel as the court in Losieau requires.

■ In light of the holding in Losieau, supra, which we believe to be based upon sound reasoning, we hold defendant's second contention is without merit.

The case is therefore

Affirmed.

All Justices concur, except RAWLINGS and BECKER, JJ., who dissent.

RAWLINGS, Justice (dissenting).

I disagree with the reasoning in Division III of the majority opinion and result reached in this case, therefore respectfully dissent.

As stated by the majority, "Defendant's appeal is solely from judgment following his conviction in the recidivist [habitual criminal] proceedings."

More specifically defendant challenged, inter alia, the admission in evidence of exhibit "B". This consisted of an information, journal entry, and mittimus, Michigan Recorders Court of the City of Detroit, in People v. Charles Cameron, a/k/a Charles J. Long, based on a plea of guilty. Without question this exhibit was completely silent as to any representation of the named defendant by counsel. Furthermore, it is conceded there then existed no provision in the Michigan laws for appointment of counsel on entry of a guilty plea.

Leaning heavily on Losieau v. Sigler (8 Cir.), 406 F.2d 795, the majority holds, in effect, the offer in evidence of exhibit "B" served to impose on defendant the duty to go forward with the proof and make at least a prima facie showing he was not, at the time concerned, represented by an attorney. At the outset I submit Losieau v. Sigler, supra, is neither factually comparable to the case at bar nor here controlling.

There the court held, if prior sentences relied upon to support a habitual criminal

sentencing disclose they were imposed while the accused was without benefit of counsel, the recidivist sentence must fall. The case was remanded to trial court for further findings on that issue with this statement, loc. cit., 406 F.2d 802–803: "It appears that a question may arise on remand as to whether the burden of proving the absence of counsel at sentencing rests with the petitioner. We, therefore, feel that it is necessary to comment on this issue.

"Ordinarily, the burden of proof is on an accused to establish that he was denied the right to counsel. Wilson v. Wiman, 386 F.2d 968, 969 (6th Cir. 1967), cert. denied, 390 U.S. 1042, 88 S.Ct. 1634, 20 L.Ed.2d 303 (1968) ; Davis v. United States [8 Cir., 226 F.2d 834], supra. Burgett v. State of Texas, *supra* [389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319], *raises serious questions, however, as to whether an accused has such a burden where the record is silent as to the presence of counsel at a critical stage.*

" * * *

"We are inclined to believe that Burgett must be read as holding that where the record is silent as to whether an accused was furnished counsel at a critical stage *and where the accused introduces evidence tending to show that he was not in fact so represented,* the burden then shifts to the state to prove, by a fair preponderance of the evidence, that the accused was represented. See, United States ex rel. McCloud v. Rundle, 402 F.2d 853 (3d Cir., 1968)." (Emphasis supplied.)

But the question before us is not what the State must do if and when the accused offers evidence tending to show he was not represented by an attorney at time of prior sentencing. Rather, the basic issue to be resolved on this appeal is whether a prior record of conviction, totally silent as to representation by counsel, with no further showing by the State, affords a constitutionally adequate or fair basis upon which an increased recidivist sentence may be imposed.

At this point I again refer to Burgett v. State of Texas, loc. cit., 389 U.S. 114–115, 88 S.Ct. 261–262, where the court stated: "The recent right-to-counsel cases, starting with Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, are illustrative of the limitations which the Constitution places on state criminal procedures. Those limitations sometimes touch rules of evidence.

"The exclusion of coerced confessions is one example. Chambers v. State of Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716.

"The exclusion of evidence seized in violation of the Fourth and Fourteenth Amendments is another. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

"Still another is illustrated by Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. In that case we held that a transcript of a preliminary hearing had to be excluded from a state criminal trial because the defendant had no lawyer at that hearing, and did not, therefore, have the opportunity to cross-examine the principal witness against him who since that time had left the State. The exclusionary rule that we fashioned was designed to protect the privilege of confrontation guaranteed by the Sixth Amendment and made applicable to the States by the Fourteenth.

"The same result must follow here. Gideon v. Wainwright *established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. And that ruling was not limited to prospective applications.* See Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650; Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41. *In this case the certified records of the Tennessee [prior] conviction on their face raise a presumption that petitioner was denied his right to*

*counsel in the Tennessee proceeding, and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible.* Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense (see Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477 [16 L.Ed.2d 526]) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right." (Emphasis supplied.)

See also Arsenault v. Commonwealth of Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 36, 21 L.Ed.2d 5, and Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 256–257, 19 L. Ed.2d 336.

But the majority believes Burgett, supra, is factually different from the case at bar.

Assuming, arguendo, there is merit in that belief, I submit the principles clearly enunciated in Burgett, quoted above, are here applicable and controlling.

As aforesaid exhibit "B" does not reveal the named defendant, in the Michigan proceedings, was represented by counsel or knowingly waived that constitutionally mandated right. And any attempt to fasten upon this defendant the burden of going forward with the evidence must unavoidably be premised upon a presumption he was then represented by an attorney or knowingly waived that privilege. But, as stated in Burgett, supra, at pages 114–115, 389 U.S., page 262, 88 S.Ct.: "Presuming waiver of counsel from a silent record is impermissible."

To the extent here relevant, this must mean that when, in a recidivist proceeding, the State offers in evidence the record of a prior conviction which is silent as to representation of the accused by legal counsel, the burden is upon the State to show the accused was in fact then represented by or waived counsel, not upon defendant to establish the contrary.

It is to me apparent the subject Michigan conviction record facially creates a presumption the named defendant was not there represented by counsel, and since that presumption was not here overcome by the State the aforesaid conviction must, for our purpose, be deemed void. Resultantly it could not be accorded any recognition in the case at bar. In support hereof see Burgett, supra, loc. cit., 389 U.S. 114, 88 S.Ct. 261–262.

Also, as stated in Burgett, supra, at page 115, 389 U.S., page 262, 88 S.Ct.: "The admission of a prior criminal conviction which is constitutionally infirm under the standards of Gideon v. Wainwright is inherently prejudicial * * *."

I respectfully submit, prejudicial error unavoidably resulted from admission in evidence of exhibit "B", and on that basis would reverse and remand for proper sentence.

BECKER, J., joins in this dissent.