Carl CIVELLA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 74–1770.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 6, 1975.

Decided Jan. 28, 1975.

897

Anthony J. Romano, Kansas City, Mo., for appellant.

J. Whitfield Moody, 1st Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON, Chief Judge, and HEANEY, and ROSS, Circuit Judges.

PER CURIAM.

Carl Civella appeals the District Court's [1] refusal to vacate a 1939 narcotics conviction upon Civella's petition for writ of error coram nobis. Although several grounds were asserted in the petition to justify relief, the evidence presented at the hearing below concentrated upon Civella's claim that he was not represented by counsel and had not intelligently waived counsel. The District Court's finding that Civella was represented by counsel is the only ground of error asserted upon this appeal.

Civella was arrested September 5, 1939, on a charge of transporting narcotics and released on bond September 8, 1939. The grand jury returned a three-count indictment November 4, 1939, and on November 16th Civella waived formal arraignment and pled not guilty to all counts. On November 27th he entered a plea of guilty to Count 2 of the indictment and Counts 1 and 3 were nolle prossed on that date. At the same time he was sentenced to a year and a day in prison and served over nine months before release. The clerk's hand-written entries on the Criminal Docket Sheet do not indicate that Civella was represented by counsel at any of the critical stages of the proceedings.

Civella relies upon our decision in Losieau v. Sigler, 406 F.2d 795 (8th Cir. 1969), wherein we stated:

[W]here the record is silent as to whether an accused was furnished counsel at a critical stage and where the accused introduces evidence tending to show that he was not in fact so represented, the burden then shifts to the state to prove, by a fair preponderance of the evidence, that the accused was represented.

406 F.2d at 803.

Civella testified that at no time during the proceedings was he represented by counsel, that in fact he could not have afforded counsel at that time. He ar-

1. The Honorable William R. Collinson, United States District Judge for the Eastern and Western Districts of Missouri.

gues that because the clerk's handwritten entries on the Criminal Docket Sheet do not recite the presence of counsel, we are confronted with a silent record and that since the Government did not establish that he was represented by counsel, he is entitled to relief. Before we could reach this argument, however, we would have to find that Judge Collinson's determination that the record is not "silent" is clearly erroneous. The court's finding is based in part upon documentary evidence appearing in the record and we are unable to say that it is clearly erroneous.

 The District Court in finding that Civella was represented by counsel at the time of the guilty plea and sentencing relied upon the original typewritten minutes of the court for November 16th and 27th which recite that on both dates defendant appeared "in proper person with counsel." In addition, the original judgment and committment dated November 27, 1939, filed that same date and signed by the district judge and United States Attorney recites that defendant appeared with counsel. In light of this contemporaneous evidence appearing in the record, we cannot disagree with the District Court's conclusion that the record is not silent.

Since the record in this case cannot be considered silent, the petitioner has the burden of impeaching the record. Losieau v. Sigler, *supra* 406 F.2d at 801. While reference to only the clerk's handwritten entries on the docket sheet does not reveal the presence of counsel, the ambiguity created thereby is dissipated by reference to the other contemporaneous official records which reveal the presence of counsel. The District Court was presented with a situation where the evidence is conflicting. While we might have resolved the issue differently than the trial court, we are not a court of original jurisdiction and do not try appeals de novo. We are not at liberty to substitute our judgment on factual situations for that of the trial judge, nor are we able to say on the record that the factual findings of the trial judge are clearly erroneous. Lindsay v. McDonnell Douglas Aircraft Corp., 485 F.2d 1288 (8th Cir. 1973).

The District Court's finding that Civella failed to sustain his burden to establish a lack of representation by counsel is supported by the record. Judgment affirmed.