# IN THE COURT OF APPEALS OF IOWA

No. 21-0582
Filed March 30, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MATTHEW ALAN GARBERS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Casey D. Jones, District Associate Judge.

Matthew Garbers appeals his convictions for two counts of possession of a controlled substance with prior offense enhancements. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

Matthew Garbers was charged by trial information with possession of methamphetamine and possession of marijuana. Because he had a prior conviction for possession of marijuana, Garbers was subject to charging enhancements on both charges.[1] The State chose to utilize the charging enhancement for the possession-of-methamphetamine charge, making the charge a "second offense" and thus an aggravated misdemeanor. The State chose not to utilize the enhancement for the possession-of-marijuana charge, so that charge remained a "first offense," a serious misdemeanor.

The parties stipulated to a bench trial on the minutes of evidence. The district court found Garbers guilty of both crimes as charged.[2] At sentencing, Garbers was adjudicated guilty of and sentenced for the possession-of-methamphetamine charge as a second offense. Also at sentencing, for unknown reasons, as to the possession-of-marijuana charge, the district court adjudicated Garbers guilty of and sentenced him for the offense of possession of marijuana as a second offense. This was done despite the fact that Garbers had not been charged with the enhancement on the possession-of-marijuana charge and the district court had not found him guilty on the enhanced charge in the court's written

---

[1] *See* Iowa Code § 124.401(5) (2020) (enhancing a second-offense possession-of-methamphetamine charge from a serious misdemeanor to an aggravated misdemeanor and enhancing a second-offense possession-of-marijuana charge when the prior offense is possession of marijuana from a serious misdemeanor with decreased penalties to a regular serious misdemeanor).

[2] Garbers was also charged with and found guilty of a third charge, possession of drug paraphernalia. No challenge is raised to the charge, conviction, or sentence on that charge, so we do not address it.

ruling.[3]  No one called this error to the district court's attention at or after the time of sentencing.  Garbers appeals.

## I.      Issues Presented

Garbers raises two issues.  First, he argues that he was never charged with "second offense" possession of marijuana, so the district court improperly adjudicated him guilty of and sentenced him for that enhanced offense.  Second, he argues there is insufficient evidence to convict him of the enhancement on either charge.  He asserts the State failed to present evidence that he was represented by counsel, or had properly waived his right to counsel, in the proceeding that resulted in his prior possession-of-marijuana conviction.  Therefore, Garbers argues, that prior offense cannot be used to enhance the charges in this case.

## II.     Analysis

### A.      Adjudication and Sentencing for a Non-Charged Offense

As to the first issue, the State concedes that Garbers was not charged with possession of marijuana as a second offense, so it was error for the district court to adjudicate Garbers guilty of or sentence him for that offense.  We agree with

---

[3] In the district court's written ruling, the court spelled out the elements of the offenses.  In doing so with respect to the possession-of-marijuana charge, the court listed Garbers's prior offense as one of the elements of the crime.  This was apparently done under the mistaken belief that Garbers was charged with the enhanced version of that offense.  Despite mentioning the prior offense as one of the elements, when making the findings of guilt with respect to the charges, the court noted "Penalty Enhanced" with respect to the possession-of-methamphetamine charge but did not note "Penalty Enhanced" with respect to the possession-of-marijuana charge.  We conclude from this that, even though the court appears to have been under the mistaken impression that Garbers was charged with the second-offense version of possession of marijuana, the court declined or neglected to find him guilty of the enhanced version of the crime.

and accept the State's concession, and we again note that, in addition to not being charged with possession of marijuana as a second offense, Garbers was not found guilty of that offense either. Therefore, it was improper to adjudicate him guilty of or sentence him for possession of marijuana as a second offense. We vacate Garbers's conviction and sentence for possession of marijuana as a second offense. We remand to the district court to resentence Garbers for the possession-of-marijuana charge as a first offense.

### B.      Representation in Prior Proceeding

As for the second issue, we review challenges to the sufficiency of the evidence for corrections of errors at law.[4]   Evidence is sufficient if there is substantial evidence in the record to support the conviction.[5]   Evidence is substantial if it is sufficient to convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt.[6]   In assessing the sufficiency of the evidence, we view it in the light most favorable to the State.[7]

Garbers contends there was insufficient evidence to find him guilty of the enhanced possession-of-methamphetamine charge because the State failed to prove that he was represented by counsel or knowingly waived his right to counsel in the proceeding that resulted in his prior possession conviction. Garbers's argument is fatally flawed because it ignores the burden shifting that is required with respect to his challenge. The State does not begin with the burden of proving that Garbers was represented or waived representation in the prior proceeding.

---

[4] *State v. Hall*, 969 N.W.2d 299, 304 (Iowa 2022).
[5] *Id.*
[6] *Id.*
[7] *Id.*

Instead, he was required first to introduce evidence tending to show that he was not represented in the prior proceeding.[8] If he had introduced such evidence, then the burden would shift to the State to prove he was represented.[9] This burden shifting procedure "recognizes the importance given to the integrity of the underlying judgment[]."[10] Because Garbers did not introduce any evidence tending to show that he was not represented by counsel in the prior proceeding, the burden never shifted to the State to prove that he was. As a result, there is no insufficiency in the State's proof of the prior offense, and the evidence is sufficient to enhance Garbers's possession-of-methamphetamine charge to a second offense.

## III.     Conclusion

We vacate Garbers's conviction and sentence for possession of marijuana as a second offense, as he was not charged with or found guilty of the enhanced version of that offense. We remand for resentencing on the possession of marijuana charge as a first offense. As to Garbers's conviction for possession of methamphetamine as a second offense, the evidence is sufficient to support the finding of guilt for that offense, so we affirm Garbers's conviction and sentence for that crime.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.

---

[8] *See State v. Cameron*, 167 N.W.2d 689, 694 (Iowa 1969).
[9] *See id.*; *see also Hartsfield v. State*, No. 08-1793, 2012 WL 163010, at *3–4 (Iowa Ct. App. Jan. 19, 2012).
[10] *Hartsfield*, 2012 WL 163010, at *3–4; *see also Cameron*, 167 N.W.2d at 694.